UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CLAYTON JOHNSON,

               Plaintiff,

- against -

JOSEPH PERRY and A.D.A. ANITA T.
CHANNAPATI,

               Defendants.

----------------------------------------------------------X

**ORDER**
**10 CV 3701 (RJD)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff responds to defendant Channapati's previous request to stay this civil action, see Docket Entry 9, and requests that the stay be denied. See Docket Entry 13. Plaintiff's objections to the proposed stay are noted; however, the issue is moot. By Order dated November 16, 2010, the Court denied without prejudice defendant's request for a stay. See Docket Entry 10.

In the same letter, which is difficult to decipher, plaintiff also requests that the Court grant the "enclosed [] Notice of Motion for a Default Judgment and [] Order to Show Cause and Temporary Restraining Order." See Docket Entry 13. However, plaintiff attaches no such Order to Show Cause; rather, plaintiff only attaches a motion for default judgment. See Docket Entry 14. Accordingly, there is no motion for a temporary restraining order to act upon. Plaintiff's letter was incorrectly docketed as a "Letter Motion for Temporary Restraining Order." The Clerk of the Court shall correct the docket as no motion was received.[1]

---

[1] If plaintiff intends to seek injunctive relief before this Court, plaintiff is advised that both temporary restraining orders and preliminary injunctions are extraordinary relief. To obtain such relief, the moving party must show "that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." Otokoyama Co. Ltd. v. Wine of Japan Import, Inc., 175 F.3d 266, 270 (2d Cir. 1999). Plaintiff may contact the Pro Se Office at (718) 613-2665 for information regarding motions for injunctive relief.

Plaintiff moves for a default judgment against defendants Perry and Channapati, see Docket Entry 14, and states that he has "enclosed a copy of United States Marshals Service Proof of Service . . . [for] both named defendants. See Docket Entry 13. However, plaintiff attaches no such proof of service. Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). In this case, neither defendant has responded to the complaint. However, by Order dated November 16, 2010, the Court granted defendant Channapati an extension of time until January 10, 2011 to respond to the complaint. See Docket Entry 10. As to defendant Perry, contrary to plaintiff's assertions, the docket sheet does not reflect that service has been made upon him. In fact, by Order dated November 29, 2010, the Court directed the United States Marshals Service to serve defendant Perry at his current known address. See Docket Entry 12. Accordingly, plaintiff's motion for a default judgment is denied.

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: December 6, 2010
Brooklyn, New York